# JOHN L. BEVERIDGE

## v.

## WILLIAM WAGNER, who sues for the use of JAMES YOUNG.

1. PLEADING AT LAW—*of the declaration—concerning sufficiency of in an action against an officer for failing to collect an execution.* In an action against a sheriff for failing to collect an execution, the declaration contained two counts, the first, averring that the officer made a levy on certain personal property, but did not make the money thereon, and "wrongfully, falsely and deceitfully" returned upon the writ, that the suit having been appealed, as per bond and the order of the court thereto annexed, the writ was returned in no part satisfied; and the second, that the defendant in execution had personal property on which the officer might have levied, and of which he had notice, but neglected and refused to levy, and "wrongfully, falsely and deceitfully" returned the writ as alleged in the first count: *Held,* that this mode of declaring in such cases is sufficient, and in conformity with established precedents.

2. SAME—*the return of the officer—not an essential part of the declaration.* In cases of this character, the gist of the action is, that the sheriff neglected his duty in failing to levy, or, having levied the writ, in failing to make the money thereon. The return of the officer is not an essential part of the declaration, and is averred to have been "wrongfully, falsely and deceitfully" made; hence, in passing on the sufficiency of such declaration, the return can not be assumed to be true, merely because it is not expressly and positively alleged therein to be false.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Messrs. STORRS & JOHNSTON, for the plaintiff in error.

Messrs. BATES & TOWSLEE, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action against a sheriff for failing to collect an execution. There was a judgment by default, and the defendant now brings the record here, assigning for error that the declaration shows no cause of action.

The declaration contains two counts. The first avers that the sheriff made a levy on personal property, but did not make the money thereon, and " wrongfully, falsely and deceitfully" returned upon said writ that the case having been appealed, as per bond and order of the court thereto annexed, the writ was returned in no part satisfied. The second avers that the defendant in the writ had personal property on which the sheriff might have levied, and of which he had notice, but that he neglected and refused to levy, and " wrongly, falsely and deceitfully" returned said writ as alleged in the first count.

The counsel for plaintiff in error argue this case on the assumption that the return on the writ is true, because, they say, it is not expressly and positively alleged in the declaration to be false. But this assumption is quite unjustifiable. The gist of this action is, that the sheriff neglected his duty in failing to levy, or, having levied, in failing to sell and make the money ; and the pleader, having averred these facts, adds that the defendant falsely and deceitfully returned certain other facts as an excuse for not having obeyed the order of the writ. This mode of declaring in such cases is in conformity with the established precedents. Admitting that this mode of traversing a return would not be sufficient on a demurrer, if a false return alone was the foundation of an action, yet, in a case like the present, where the return is not an essential part of the declaration, and is averred to have been " wrongfully, falsely and deceitfully" made, we can not, in passing on the sufficiency of the declaration, assume the return to be true, merely because its falsity is not alleged in a more direct and positive manner. Considering the return, then, to have been, as alleged in the declaration, falsely made, and therefore

putting it out of view altogether, we find the defendant charged with a clear delinquency of his official duty, for which he must be held responsible.

*Judgment affirmed.*